EVERETT G. MacWHINNEY, PLAINTIFF-RESPONDENT, v. HERMAN JACOBSON, DEFENDANT-APPELLANT.

Submitted February 2, 1931—Decided September 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Merritt Lane.*

For the respondent, *Orlando H. Dey.*

PER CURIAM.

This is the defendant's appeal from a judgment of the Union County Common Pleas Court entered upon the verdict of a jury in favor of the plaintiff.

Briefly stated the situation was this: Plaintiff sued to recover compensation which he alleged defendant had agreed to pay him for knowledge which he acquired for, and advice which he gave to, the defendant, in relation to the purchase and sale of stocks of four companies, and in particular for advising defendant when to buy and when to sell these securities, with the result that during the period from January 1st, 1928, to January 31st, 1929, defendant invested in these securities a total of $197,592.50 and sold same for a total of $251,095.50, thus making a profit of $53,503.

Plaintiff claimed that prior to advising the defendant regarding these securities, a verbal agreement was in each case made, fixing the percentage of profit which plaintiff should receive as his compensation.

Defendant admitted that he had purchased and sold the stock at the times and for the prices and with resulting profits as stated, and it is not disputed that $11,035 for which the jury returned its verdict is the correct amount, including interest, which was due to plaintiff, if he was entitled to recover at all. The matter was laid before the jury in a charge the accuracy of which is not questioned.

The sole ground of complaint now is that the court erred in refusing to allow the defendant to introduce in evidence an unanswered letter dated April 1st, 1929, containing self-serving declarations, alleged to have been written and mailed by the defendant to the plaintiff many months after the making of the oral agreement on which the suit was based, and which letter the plaintiff denied having received.

There was some testimony tending to show that the letter was mailed.

We do not find it necessary to determine whether the denial of its receipt by the plaintiff overcame the presumption of its receipt and thus justified the rejection of the copy thereof upon the authority of *Hand* v. *Howell,* 61 *N. J. L.* 145; *affirmed, Ibid.* 694, as is argued.

Nor do we find it necessary to determine whether or not the letter was properly excluded under the rule stated in Hand *v.* Howell that the failure to reply to a letter not sent in the course of correspondence is not to be taken as an admission of the truth of its contents.

If it be assumed that the copy was technically admissible, we think that its exclusion should not lead to a reversal in the circumstances of the present case.

In this case the plaintiff had written a letter to the defendant on March 28th, 1929, in which he referred first to the $500 note which had gone to protest, and to the notice from the defendant of that fact. The letter then brings up the question of their other affairs, particularly with reference to an alleged agreement to pay twenty per cent. of the profits of the sale of the Lehigh Coal and Navigation stock. The defendant says that the rejected letter was in direct response to the letter of the plaintiff of March 28th, 1929, and in it the defendant repudiates any such obligation, and asserts that a check had been given in the July previous which was to settle any claims that the plaintiff had, or thought he had against the defendant.

As we look at it, the rejected letter at most does nothing more than put in writing the assertions made by the defendant on the witness stand that the stock transactions were closed and the plaintiff fully paid, after the plaintiff had put himself on record to the contrary. The mere failure, therefore, of the plaintiff to reply to the rejected letter (assuming that it was mailed and received) would be of doubtful evidential value, and in view of this posture of affairs we consider, after an examination of the whole case, that the error, if error it was, did not injuriously affect the substantial rights of the defendant, and therefore should not result in reversal.

The judgment will be affirmed, with costs.